UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:24-CR-00053-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **JENILEA PENA (01)** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the court is a Motion in Limine [doc. 51] filed by defendant Jenilea Pena, seeking to exclude certain evidence from the trial of this matter. The government opposes the motion. Doc. 55.

### I.
### BACKGROUND

The defendant is charged by indictment with one count of wire fraud, a violation of 18 U.S.C. § 1343, and one count of false statements or representations to a department or agency of the United States, a violation of 18 U.S.C. § 1001(a)(2). The charges stem from her application for an Economic Injury Disaster Loan ("EIDL") under a program administered by the Small Business Administration ("SBA") during the COVID-19 pandemic. *See* doc. 1. The government alleges as follows: The defendant owned a 25 percent interest in RJTH, LLC, which operated a Planet Fitness store in Lake Charles, Louisiana. She made false representations on an EIDL application relating to this business by representing that the application was submitted on behalf of the individual owners of

the business even though she acted without the knowledge of co-owner T.R.[1] *Id.* at ¶ 7. She signed a Loan Authorization form, agreeing that all proceeds of the loan would be used as working capital for the business, and received $96,900.00 as a result of these representations. *Id.* at ¶¶ 8–9. She thereafter used the funds for her own benefit, however, and submitted a fraudulent and fictitious resolution of the business's board of directors to the SBA in order to remain in compliance with the loan's terms. *Id.* at ¶¶ 9–12. The matter is set for jury trial before the undersigned on July 7, 2025. Doc. 39.

The defense now moves to exclude discover card statements and related financial records belonging to defendant's spouse, Raymond Pena, who was a co-owner of RJTH, LLC. *See* note 1, infra. It also moves to exclude a recording of a meeting between Hilary Robertson, spouse of co-owner Trent Robertson, and Mr. Pena in which Mrs. Robertson apparently made allegations against Mrs. Pena, as well as any mention of the Robertsons as victims. Doc. 51, atts. 1 & 2. The government states that it does not plan on using the recording of Mr. Pena in its case in chief, but it opposes the motion as to the other two issues.[2] Doc. 55.

---

[1] The other co-owners of RJTH, LLC are Raymond Pena, defendant's spouse, who also owned a 25 percent interest, and Trent Robertson, who owned a 50 percent interest. *Id.* at ¶ 1.

[2] The request with respect to mention of the Robertsons as victims was only included in defendant's proposed order. Normally, the issue would be waived for failure to brief it. But the government addressed the matter in its opposition and defendant has made its arguments in support through its reply brief. Accordingly, the court will consider it.

## II.
## LAW & APPLICATION

### A. Governing Law

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford*, 2008 WL 178890, at *1 (S.D. Tex. 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.*; *accord Baxter v. Anderson*, 277 F.Supp.3d 860, 863 (M.D. La. 2017). Additionally, motion in limine rulings "are not binding on the trial judge . . . and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n. 3 (2000).

### B. Application

1. **Discover Card statements**

Defendant first moves to exclude any evidence or testimony relating to Ramyond Pena's Discover Card, on the grounds that no criminal allegations were made against him and "[t]he government has failed to establish any connection between Raymond Pena's personal credit card activity and the allegations against Jenilea Pena." Doc. 51, att. 1, p. 3. But the government argues that, fifteen days after the EIDL funds were received into the RJTH, LLC Hancock Whitney account, defendant used some of these proceeds to pay a $5,475.44 balance on her husband's personal credit card. The government maintains that this is "one of the payments she made for her own personal use and benefit" and that she would not have been able to make the payment without the EIDL funds, thus making the transaction intrinsic to the wire fraud scheme. The court agrees. To the extent the government can lay a proper foundation by establishing defendant's access to the account, the payment of her husband's credit card debt is of sufficient benefit to her to make it highly relevant to and probative of the government's wire fraud allegations. The defendant may refute this evidence if she can show that the charges on her husband's credit card were legitimately reimbursable under EIDL guidelines or that there was sufficient money beyond the EIDL funds in the Hancock Whitney account to cover any improper payments. Accordingly, the motion will be denied in this respect.

2. **Recording of Raymond Pena**

The government states that it has no intention of using the recording in its case in chief and would only seek to admit it as impeachment if Raymond Pena is called to testify.

The defense accepts that this matter can be dealt with if such a situation arises. The motion will thus be denied as moot in this regard.

### 3. The Robertsons as victims

Finally, defendant moves to exclude any mention of the Robertsons as victims. It maintains that, even though a business Trent Robertson co-owned incurred a debt due to defendant's alleged criminal activity, "[t]he evidence will show that the Robertsons and the Penas were co-owners of several businesses" and that in the course of this relationship, they "regularly transferred and commingled funds and shared inventory to support ongoing operations." Doc. 62. Nevertheless, if the government's allegations are proven—that defendant applied for the EIDL funds without the consent of her co-owners and then spent those funds for her personal benefit—then the Robertsons have indeed been made victims through the resulting debt, which the Robertsons repaid to the United States as part of the parties' civil settlement. The term is thus accurately applied and the court finds no basis for excluding it.

## III.
### CONCLUSION

For the reasons stated above, the court hereby **ORDERS** that the Motion in Limine [doc. 51] be **DENIED** as to Raymond Pena's Discover Card statements and references to the Robertsons as victims and **DENIED AS MOOT** as to the recording of Raymond Pena.

**THUS DONE AND SIGNED** in Chambers on the 27th day of May, 2025.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**