UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:24-CR-00053-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **JENILEA PENA (01)** | **MAGISTRATE JUDGE LEBLANC** |

**MEMORANDUM ORDER**

Before the court is the government's Notice [doc. 49] of its intent to offer extrinsic evidence against the defendant pursuant to Federal Rule of Evidence 404(b). Defendant Jenilea Pena opposes the government's request. Doc. 59.

**I.**
**BACKGROUND**

The defendant is charged by indictment with one count of wire fraud, a violation of 18 U.S.C. § 1343, and one count of false statements or representations to a department or agency of the United States, a violation of 18 U.S.C. § 1001(a)(2). The charges stem from her application for an Economic Injury Disaster Loan ("EIDL") under a program administered by the Small Business Administration ("SBA") during the COVID-19 pandemic. *See* doc. 1. The government alleges as follows: The defendant owned a 25 percent interest in RJTH, LLC, which operated a Planet Fitness store in Lake Charles, Louisiana. She made false representations on an EIDL application relating to this business by representing that the application was submitted on behalf of the individual owners of

the business even though she acted without the knowledge of co-owner T.R.[1] *Id.* at ¶ 7. She signed a Loan Authorization form, agreeing that all proceeds of the loan would be used as working capital for the business, and received $96,900.00 as a result of these representations. *Id.* at ¶¶ 8–9. She thereafter used the funds for her own benefit, however, and submitted a fraudulent and fictitious resolution of the business's board of directors to the SBA in order to remain in compliance with the loan's terms. *Id.* at ¶¶ 9–12. The matter is set for jury trial before the undersigned on July 7, 2025. Doc. 39.

The government has filed notice of its intent to use evidence of extrinsic acts under Federal Rule of Evidence 404(b), relating to (1) defendant's alleged mishandling of funds relating to another co-owned business and (2) defendant's application for and receipt of EIDL funds for three other entities. Doc. 49. The government maintains that these incidents are relevant to defendant's knowledge, intent, and absence of mistake regarding the charged offenses. Doc. 49. Defendant argues that the incidents are not probative of any relevant issue and must at any rate be excluded as unduly prejudicial. Doc. 59.

## II.
## LAW & APPLICATION

### A. Governing Law

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Among other grounds, the court may exclude

---

[1] The other co-owners of RJTH, LLC are R.P., defendant's spouse, who also owned a 25 percent interest, and T.R., who owned a 50 percent interest. *Id.* at ¶ 1.

relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Rule 404(b) provides that extrinsic acts of the defendant are inadmissible as character evidence in order to show that a person acted in conformity with that character. Such evidence may be admissible "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(1)–(2). "At the threshold, however, evidence of an uncharged crime or 'other act' must be sufficient to support a finding that the crime or act actually occurred." *United States v. Smith*, 804 F.3d 724, 735 (5th Cir. 2015). Accordingly, the government must offer sufficient proof of the incident or it will be excluded as irrelevant. *United States v. Gutierrez-Mendez*, 752 F.3d 418, 423 (5th Cir. 2014). Proof of an uncharged offense is sufficient if a "jury could reasonably find . . . by a preponderance of the evidence" that the defendant committed the act. *Id.* at 424 (citing *Huddleston v. United States*, 485 U.S. 681, 690 (1988)).

If the government meets this bar, the court then applies the two-part *Beechum* test. *United States v. Kinchen*, 729 F.3d 466, 471 (5th Cir. 2013) (citing *United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978)). First the court must determine whether the evidence is relevant to an issue other than the defendant's character. *Id.* Then it must decide whether the probative value of the evidence is substantially outweighed by the risk of undue prejudice and whether it meets the other requirements of Rule 403. *Id.* Intrinsic

evidence is likewise subject to Rule 403. *United States v. Barnes*, 803 F.3d 209, 210–11 (5th Cir. 2015).

The court may look to several factors in evaluating the prejudicial effect of such evidence, including: (1) the government's need for such evidence, (2) the similarity between the prior bad act and the charged offense, (3) the amount of time separating the two offenses, and (4) the availability of limiting instructions. *United States v. Sanchez*, 988 F.2d 1384, 1394 & n. 14 (5th Cir. 1993) (citing *Beechum*, 582 F.2d at 915). Probative value "must be determined with regard to the extent to which the defendant's unlawful intent is established by other evidence, stipulation, or inference." *United States v. Pruett*, 681 F.3d 232, 245 (5th Cir. 2012). The prejudice to defendant also increases to the degree the extrinsic offense resembles the charged offense. *United States v. Cockrell*, 587 F.3d 674, 679 (5th Cir. 2009).

### B. Application

The government first points to defendant's alleged mishandling of funds relating to another co-owned business. Specifically, it asserts:

> In 2019, Pena and her business partners sold a Roly Poly sandwich shop to be owner-financed. The purchasers of this business were to pay $1,700 per month until paid off. Instead of depositing these owner-finance payments in the Roly Poly business checking account, Pena deposited funds into a "Pena Enterprises, LLC" business account, ultimately using the funds for her personal enrichment or the enrichment of others. As a result of this misappropriation, Pena paid $10,200 in restitution to Trent and Hilary Robertson as part of a pretrial diversion program.

Doc. 49, p. 2. The government also seeks to admit evidence of defendant's application for EIDL funds for three other entities, arguing that evidence that the partners agreed to apply

for the other loans will show intent, knowledge, and absence of mistake by Pena in failing to obtain her business partners' consent in the EIDL application at issue in the charged offenses. Defendant does not challenge whether the government has the necessary proof of these incidents and the court will assume that it does.

    Defendant summarily asserts that there is no probative value to the proffered evidence. But both incidents are relevant to intent and to refute defendant's claim of mistake. The Roly-Poly incident shows that she had a history of concealing information from her business partner and misappropriating business funds for her personal financial gain, refuting any argument that she lacked fraudulent intent when she allegedly made misrepresentations on the loan application and obtained the funds under false pretenses. *See United States v. Heard*, 709 F.3d 413, 430 (5th Cir. 2013) (evidence of defendant's bankruptcy fraud relevant to his intent in prosecution for tax evasion). Meanwhile, her ability to properly obtain and record consent from her business partners on the other EIDL applications shows an absence of mistake for her alleged failure to do so in this matter.

    The court must determine whether the evidence's probative value is substantially outweighed by the risk of undue prejudice by considering the government's need for the evidence, the similarity between the offenses, the amount of time separating them, and the availability of limiting instructions. The prejudicial effect of the Roly-Poly evidence is high, given its proximity in time to the charged offense and the involvement of the same business relationships. The other EIDL applications carry substantially less risk of prejudice, given that they did not involve any illegal acts by defendant. But the government's need for both likewise appears great; the government must show specific

intent to defraud. In the absence of such evidence defendant may make a compelling case regarding her subjective intentions. As the government points out, the court looks only to **undue** prejudice and "Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed" on its admission. *Huddleston v. United States*, 485 U.S. 681, 688 (1988). Additionally, limiting instructions are available to remind the jury of the proper use of such evidence and can minimize its prejudicial effect.

### III.
#### CONCLUSION

For the reasons stated above, the court hereby **ORDERS** that evidence of the incidents described in the government's Notice of Intent to Use Evidence Pursuant to Rule 404(b) [doc. 49] will be admissible at trial.

**THUS DONE AND SIGNED** in Chambers on the 30th day of May, 2025.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE